# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC K'NAPP, | 1:13-cv-00099-AWI-BAM (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1) |
| v. | |
| CALIF. DEPT. OF CORRECTIONS AND REHABILITATION et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

### I. Screening Requirement and Standard

Plaintiff Eric K'napp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on January 22, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff currently is housed at the Sierra Conservation Center in Jamestown, California. Plaintiff's complaint exceeds 75 pages and names the California Department of Corrections and Rehabilitation ("CDCR"), Sierra Conservation Center, Kern Valley State Prison, the California Substance Abuse Treatment Facility, the California Institution for Men, along with sixty individually named defendants in their individual and official capacities.  The factual allegations include events spanning from July 31, 2008, through January 2013.  Plaintiff asserts various claims for violation of the Americans with Disabilities Act, retaliation in violation of the First Amendment, violation of the Eighth Amendment, and violation of the Equal Protection Clause of the Fourteenth Amendment.

## III.    Deficiencies of Complaint

Plaintiff complaint fails to comply with Federal Rules of Civil Procedure 8 and 18.  The Court will not expend its already scarce judicial resources parsing through Plaintiff's extensive

complaint to determine which causes of action should proceed against which defendants. Accordingly, Plaintiff will be granted an opportunity to amend his complaint and cure the identified deficiencies. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim. Plaintiff's amended complaint must comply with Rules 8 and 18.

### A. Pleading Standards

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint does not include a short and plain statement of his claims. Instead, Plaintiff's complaint is lengthy, 78-page narrative detailing various events taking place between 2008 and 2013 while Plaintiff was housed at various facilities operated by CDCR. If Plaintiff elects to amend his complaint, he must set forth a short and plain statement of the claims against each defendant, rather than a narrative of his incarceration during a five-year-period.

#### 2. Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims against different defendants based on different events at different CDCR correctional facilities. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons

questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

If Plaintiff elects to amend his complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint again sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### B. Legal Standards

#### 1. Americans with Disabilities Act/Rehabilitation Act

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.  Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dep't of Corr. v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

1  "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped
2  within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought;
3  (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the
4  program providing the benefit or services receives federal financial assistance." Id.

5  The Court notes that "[t]he ADA prohibits discrimination because of disability, not
6  inadequate treatment for disability." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1022
7  (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)). The Court also
8  notes that individual capacity suits against individual prison employees in their personal
9  capacities are precluded under the ADA. E.g., Heinke v. Cnty. of Tehama Sheriff's Dept., 2013
10 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); White v. Smyers, 2012 WL 6518064, at *6 (E.D.
11 Cal. Dec. 13, 2012); Mosier v. California Dep't of Corr. & Rehab., 2012 WL 2577524, at *8
12 (E.D. Cal. Jul. 3, 2012); Roundtree v. Adams, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005).

### 2. First Amendment - Retaliation

14  Allegations of retaliation against a prisoner's First Amendment rights to speech and to
15 petition the government may support a civil rights claim. Rizzo v. Dawson, 778 F.2d 527, 532
16 (9th Cir.1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison
17 context, a viable claim of First Amendment retaliation entails five basic elements: (1) An
18 assertion that a state actor took some adverse action against an inmate (2) because of (3) that
19 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
20 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
21 Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d
22 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

23  In order to state a claim, a plaintiff must allege specific facts demonstrating that a
24 defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's
25 protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's
26 conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310,
27 1314 (9th Cir. 1989). The adverse action must not have reasonably advanced a legitimate
28 correctional goal.

### 3. Eighth Amendment – Deliberate Indifference to Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).  Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

### 4. Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

### 5. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the

proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18. However, the Court will provide Plaintiff with an opportunity to amend his complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). As Plaintiff must comply with Rule 18, his complaint may not exceed twenty-five pages.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 18.
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint. Plaintiff's amended complaint may not exceed twenty-five (25) pages; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to comply with a court order.</u>

IT IS SO ORDERED.

Dated: **December 1, 2014** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE