# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC K'NAPP,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIF. DEPT. OF CORRECTIONS AND REHABILITATION et al.,<br><br>          Defendants. | 1:13-cv-00099-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 11)<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS WITH PREJUDICE<br>(ECF No. 8.)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE<br>(ECF No. 8)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>THIRTY-DAY DEADLINE |

Plaintiff Eric K'napp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 22, 2013. On January 21, 2014, Plaintiff filed a petition for writ of mandamus. (ECF Nos. 8, 9.)

On December 1, 2014, the Magistrate Judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1983. The Magistrate Judge determined that Plaintiff's complaint failed to comply with Federal Rules of Civil Procedure 8 and 18 and dismissed it with leave to amend within thirty

1  days. The Magistrate Judge provided Plaintiff with the relevant pleading and legal standards that
2  appeared applicable to his claims. (ECF No. 10.)
3        On December 11, 2014, Plaintiff filed objections to Magistrate Judge's screening order
4  dismissing the complaint with leave to amend. Plaintiff requested review of the Magistrate
5  Judge's determination by the District Court. (ECF No. 11.) The District Court construes
6  Plaintiff's objections and request as a motion for reconsideration of the Magistrate Judge's
7  screening order.

8   **I.    Request for Reconsideration**
9        **A. Legal Standard**

10       Reconsideration motions are committed to the discretion of the trial court. Rodgers v.
11 Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d
12 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a
13 strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare
14 Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665-66 (E.D. Cal. 1986), aff'd in part and
15 rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

16       This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly
17 erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.
18 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are
19 either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and
20 County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-
21 dispositive pretrial matters reviewed for clear error under Fed. R. Civ. P. 72(a)).

22       A magistrate judge's factual findings are "clearly erroneous" when the district court is
23 left with the definite and firm conviction that a mistake has been committed. Security Farms v.
24 International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D.
25 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential."
26 Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for
27 Southern California, 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

28

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir. 1992); Green, 219 F.R.D. at 489. An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotations omitted); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." Merritt v. International Bro. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; see Phoenix Engineering & Supply v. Universal Elec., 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs." Hendon v. Baroya, 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988)).

**B.  Discussion**

Plaintiff raises numerous objections to the Magistrate Judge's screening order dismissing the complaint with leave to amend. With respect to Plaintiff's objection to the delay in screening (Obj. 1), the Magistrate Judge did not err simply by delaying review of Plaintiff's lengthy complaint. The Eastern District of California maintains one of the heaviest caseloads in the nation, many of which are civil rights complaints filed by prisoners proceeding pro se that require screening. Plaintiff previously has been advised of the potential for delay in individual matters due to the Court's caseload. See e.g., Knapp v. Cate, 1:08-cv-01779-AWI-BAM, 2013 WL 5466641, at *3 (E.D. Cal. Sept. 30, 2013) ("The Magistrate Judge did not err simply by delaying resolution of the motion. The Eastern District of California maintains the heaviest caseload in the nation, which may result in some delay in individual matters.").

With respect to Plaintiff's objections that the Magistrate Judge improperly screened his complaint as a civil rights action pursuant to 42 U.S.C. § 1983 and not an action brought pursuant to the Americans with Disabilities Act or the Rehabilitation Act (Objs. 7-8), the Magistrate Judge's order was not clearly erroneous or contrary to law. The Magistrate Judge properly screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, which provides for review of a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (ECF No. 10, p. 1.) In the screening order, the Magistrate Judge provided Plaintiff with the relevant legal standards applicable to his constitutional claims and to his Americans with Disabilities Act/Rehabilitation Act claims. (ECF No. 10, pp. 4-6.) Plaintiff's attempt to characterize this action as one not involving civil rights claims is neither persuasive nor well taken. Plaintiff clearly identified this action as one brought pursuant to the "Civil Rights Act" and section 1983. (ECF No, p. 1 [caption], p. 2 ["Plaintiff Eric K'nAPP hereby sues for . . . relief, pursuant to an in accordance with . . . 42 U.S.C. § 1983."], p. 65 [citing "42 U.S.C. § 1983"].)

With respect to Plaintiff's objections that the screening order improperly dismissed his complaint for failure to comply with Federal Rules of Civil Procedure 8 and 18 (Objs. 2, 9-19, 21, 23-26), the Magistrate Judge's order was not clearly erroneous or contrary to law. Plaintiff is well aware that a violation of Rule 8 alone warrants dismissal. See Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013). This is true both when a pleading says too little or, as in this case, too much. Id. Here, Plaintiff's initial complaint exceeded seventy (70) pages, named four (4) separate detention facilities and more than sixty (60) individual defendants and included factual allegations spanning a period of nearly five (5) years. (ECF No. 1.) The Magistrate Judge properly dismissed Plaintiff's complaint because it violated Rule 8. Additionally, the Magistrate Judge appropriately identified the pleading deficiencies (Obj. 22) and provided Plaintiff a means to cure those deficiencies by allowing for an amended complaint. The Magistrate Judge also properly warned Plaintiff that his amendment could not alter the nature of Plaintiff's action (Obj. 20).

With respect to Plaintiff's objections that the Magistrate Judge's screening order was done in retaliation and demonstrates bias or prejudice (Objs. 27-34), these objections are overruled. "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir.1988 ) (citing 28 U.S.C. §§ 455(a), 455(b)(1 )), aff'd, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990 ). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. at 1045-46 (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir.1984 )). "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994 )). "'In and of themselves . . ., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id. Plaintiff's disagreement with the Magistrate Judge's screening order is not a legitimate basis for claiming bias or prejudice. There are no facts suggesting that the Magistrate Judge's screening order was derived from any extrajudicial source.

With respect to Plaintiff's objections that the screening order failed to address Plaintiff's petition for writ of mandamus (Objs. 3-5) or the appropriateness of affording Plaintiff the assistance of counsel (Obj. 6), these issues are addressed below in greater detail.

**II.     Request for Counsel**

Plaintiff contends that the Magistrate Judge's screening order "fails to address whether Plaintiff's rights to due process of law and the equal protection of the laws militate in favor of this Court affording him assistance of counsel in this action considering his known indigency, serious medical conditions, claims having merit, and substantial difficulties representing himself." (ECF No. 11, pp. 8-9 [Obj. 6].)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff

5

pursuant to 28 U.S.C.§1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

Here, Plaintiff has not identified exceptional circumstances warranting the appointment of counsel.  This Court is faced with similar cases almost daily from prisoners proceeding pro se and in forma pauperis.  Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  This is particularly true given that there is no operative complaint on file.  Additionally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  <u>Id.</u>  Plaintiff has been able to prepare a lengthy complaint, an extensive petition for writ of mandamus and objections to the Magistrate Judge's screening order.  (ECF Nos. 1, 8, 11.)  Accordingly, Plaintiff's request for the appointment of counsel shall be denied without prejudice.

**III.     Petition for Writ of Mandamus**

Plaintiff complains that the Magistrate Judge failed to address his pending petition for writ of mandamus.  (ECF No. 11, pp. 5, 7, 8.)

To the extent Plaintiff's petition for writ of mandamus seeks an order directing the Magistrate Judge to review Plaintiff's complaint, the petition is now moot.  The Magistrate Judge has screened Plaintiff's complaint pursuant to 28 U.S.C. 1915(A).  (ECF No. 10.)

Plaintiff's petition for writ of mandamus also seeks an order directing the California Department of Corrections and Rehabilitation ("CDCR"), California Correctional Health Care Services, the Sierra Conservation Center, CDCR Secretary Jeffrey Beard, John Clark Kelso, Heidi Lackner and Sierra Conservation Center Health Care Services Chief Executive Officer

Robert Duncan to "afford[] Plaintiff a cushioned chair to sit in during his weekly visits, as well as the normal-height table during his weekly visits and the back brace, wedge pillow, pressure mattress, and regular bed pillow that also are at issue in Plaintiff's complaint." (ECF No. 8, p. 19.)

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). While a writ of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" Hernandez v. Tanninen, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004)).

Plaintiff's attempt to seek relief via a petition for writ of mandamus is misplaced. In addition to jurisdictional issues arising from Plaintiff's desire for a federal writ directed at state prison officials, see Cheney, 542 U.S. at 380, 124 S.Ct. at 2586 (section 1651(a) codified the common-law writ of mandamus against a lower court); Demos v. U.S. Dist. Court for Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff cannot demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and indisputable right to the issuance of the writ, Cheney, 542 U.S. at 380-81, 124 S.Ct. at 2587.

Plaintiff's complaint has been dismissed with leave to amend. Even if Plaintiff is able amend his complaint to state a cognizable claim related to his conditions of confinement at Sierra Conservation Center and if he prevails on such a claim, he may be entitled to damages, or to equitable relief depending on the nature of his legal claims, but in no event is Plaintiff entitled to the issuance of a writ of mandamus. Therefore, Plaintiff's petition for mandamus shall be denied with prejudice.

Insofar as Plaintiff alternatively seeks preliminary injunctive relief against defendants, the Court lacks jurisdiction to issue the requested relief. As noted, Plaintiff's complaint has been dismissed with leave to amend. Unless and until Plaintiff files an amended complaint and the

Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Additionally, no defendant has been ordered served and no defendant has appeared in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969) ("court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant).

Plaintiff's alternative request for preliminary injunctive relief shall be denied without prejudice.

### IV.   Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for reconsideration, filed on December 11, 2014, is DENIED;
2. Plaintiff's request for the appointment of counsel is DENIED without prejudice;
3. Plaintiff petition for writ of mandamus, filed on January 21, 2014, is DENIED with prejudice;
4. Plaintiff's request for preliminary injunctive relief is DENIED without prejudice;
5. Consistent with the Magistrate Judge's screening order, Plaintiff is granted leave to amend his complaint within thirty days following service of this order. Plaintiff's amended complaint may not exceed twenty-five (25) pages; and
6. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 4, 2015                                    _____
                                                              SENIOR DISTRICT JUDGE